UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEVON MATTHEWS,

Plaintiff,

-against-

M. RUQUET and D. RODRIGUEZ,

Defendants.

**OPINION AND ORDER**

24-CV-05589 (PMH)

PHILIP M. HALPERN, United States District Judge:

Devon Matthews ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, initiated this action pursuant to 42 U.S.C. § 1983 against New York State Department of Corrections and Community Supervision ("DOCCS") Officers Matthew Ruquet ("Ruquet") and David Rodriguez ("Rodriguez," and together, "Defendants"). (Doc. 1, "Compl."). Plaintiff maintains that Defendants, in September 2023, used excessive force against him in violation of the Eighth Amendment during his prior incarceration at Sing Sing Correctional Facility ("Sing Sing"). (*Id.*).

## PROCEDURAL HISTORY

Pending before the Court is Defendants' motion for summary judgment. (Doc. 35; Doc. 36, "Def. Br."; Doc. 37, "56.1 Stmt."; Doc. 38, "Luedtke Decl."; Doc. 39). Defendants attached to their Notice of Motion an affidavit of service, indicating that Defendants' motion and supporting documents were served on Plaintiff at his address listed on the docket. (Doc. 35-1). Defendants also provided to Plaintiff the requisite Notice to Pro Se Litigants Pursuant to Local Civil Rule 56.2 which included, *inter alia*, the text of Federal Rule of Civil Procedure 56 and a forewarning that failure to respond may result in the dismissal of the case. (Doc. 39). Plaintiff did not file opposition to Defendants' motion by February 6, 2026, the original deadline set by the Court.

On February 17, 2026, Defendants requested, on Plaintiff's behalf, an extension of the briefing schedule. (Doc. 40). Defendants informed the Court that they were requesting an extension on Plaintiff's behalf, as he had been transferred from Fishkill Correctional Facility ("Fishkill"), where he was then housed, to an outside hospital and then to the Regional Medical Unit of Fishkill. (*Id.*). The Court granted Defendants' request on the same date, and directed Plaintiff to file opposition no later than March 9, 2026. (Doc. 41). A copy of the Court's Order was mailed to Plaintiff by the Clerk of Court and by Defendants. (*See* February 19, 2026 Docket Entry; *see also* Doc. 42). Despite the extension, Plaintiff failed to file opposition, and on March 23, 2026, Defendants requested that the Court deem Defendants' motion unopposed. (Doc. 43). Defendants noted, within their request, that Plaintiff had been transferred from Fishkill to Otisville Correctional Facility ("Otisville") on March 17, 2026. (*Id.*). Accordingly, and in light of Plaintiff's *pro se* status, the Court, by Order dated March 24, 2026, denied Defendants' application, directed Defendants to serve a copy of their moving papers upon Plaintiff at his new Otisville address, and *sua sponte* extended Plaintiff's time to oppose Defendants' motion to April 15, 2026. A copy of Defendants' moving papers and the Court's March 24, 2026 Order were mailed to Plaintiff on March 25, 2026. (Doc. 45).

On April 21, 2026, Plaintiff filed a letter (Doc. 46), which the Court, on April 27, 2026, construed as an application for pro bono counsel and denied (Doc. 47). In the same Order, however, the Court granted Plaintiff, *sua sponte*, an extension of time to file opposition to Defendants' motion to May 22, 2026. (*Id.*). The Court, in granting Plaintiff a third extension of time to file his opposition, warned that "[n]o further extensions will likely be granted," and that "in the event Plaintiff fail[ed] to file a timely opposition brief, the Court may deem Defendants' motion for summary judgment as fully submitted." (*Id.*). A copy of the Court's April 27, 2026 Order was

mailed to Plaintiff on April 28, 2026. (*See* April 28, 2026 Docket Entry). Plaintiff has failed to file any opposition to Defendants' motion for summary judgment.

The Court has not received any communications from Plaintiff regarding the motion for summary judgment since April 21, 2026, and as such, considers the motion fully submitted and unopposed.[1] For the reasons set forth below, Defendants' unopposed motion for summary judgment is GRANTED.

## BACKGROUND

The Court recites the facts only to the extent necessary to adjudicate the extant motion for summary judgment and draws them from the Complaint (Doc. 1), Defendants' Rule 56.1 Statement (Doc. 37), and the Luedtke Declaration (Doc. 38) along with the exhibits annexed thereto, which include, *inter alia*: (1) Plaintiff's deposition transcript (Luedtke Decl., Ex. A, "Pl. Dep. Tr."); and (2) records of the Central Office Review Committee's ("CORC") list of Plaintiff's "Active and Closed" cases (*id.*, Ex. B).

Plaintiff is an incarcerated individual in DOCCS' custody. (56.1 Stmt. ¶ 1). Plaintiff's claims arose while he was incarcerated at Sing Sing in or about September 2023. (Compl. at 8-11; 56.1 Stmt. ¶¶ 1-4). Plaintiff was transferred to the Special Housing Unit ("SHU") in Sing Sing following the encounter in September 2023. (56.1 Stmt. ¶ 3). In late September 2023, Plaintiff was transferred from Sing Sing to Fishkill, and then, on or about December 26, 2023, from Fishkill to Elmira Correctional Facility ("Elmira"). (Id. ¶¶ 5-6). Plaintiff was eventually transferred again and is currently housed in Otisville. (Docs. 46, 47).

---

[1] On May 26, 2026, Defendants filed a letter requesting that the Court deem Defendants' motion unopposed and fully submitted. (Doc. 48). In light of the above, Plaintiff has received adequate notice that "failure to file any opposition may result in dismissal of the case," *Lurch v. Berry*, No. 20-CV-02312, 2021 WL 3668113, at *3 (S.D.N.Y. Aug. 17, 2021), and thus, Defendants' letter motion (Doc. 48) is granted.

I. September 4, 2023 Incident at Sing Sing

On September 4, 2023, Plaintiff had an encounter with Defendants while inside his cell (the "Incident"). (56.1 Stmt. ¶ 2). Plaintiff claims Defendants came into his cell, choked him, punched him in the face, and hit Plaintiff in the head with a stick until he became unconscious. (*Id.*; *see also* Pl. Dep. Tr. at 97:16-107:21; Compl. at 10-11). Following the Incident, Plaintiff was taken to medical and then placed in the SHU at Sing Sing. (56.1 Stmt. ¶ 3).

II. Grievance Process

Plaintiff filed a grievance in or about the end of September 2023 stemming from the Incident, claiming that Defendants subjected Plaintiff to excessive force. (*Id.* ¶ 4). Plaintiff, while housed at Elmira, received a letter, dated June 10, 2024, from Inmate Grievance Program Supervisor M. Odell indicating that his grievance was denied as untimely. (*Id.* ¶ 7). Plaintiff attaches a letter to his Complaint dated June 11, 2024, addressed to "Superintendent," indicating that Plaintiff "would like to Appeal this grievance to the superintendent." (*Id.* ¶ 8; *see also* Pl. Dep. Tr. at 250:23-252:4). There is no record, however, of Plaintiff appealing to the Central Office Review Committee ("CORC"). (*See* 56.1 Stmt. ¶ 9).

Defendants move for summary judgment contending that Plaintiff failed to exhaust his administrative remedies prior to bringing suit.

## STANDARD OF REVIEW

Pursuant to Federal Rule of Civil Procedure 56, a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is 'material' if it 'might affect the outcome of the suit under the governing law,' and is genuinely in dispute 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Liverpool v. Davis*, 442 F.

Supp. 3d 714, 722 (S.D.N.Y. Feb. 26, 2020) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).[2] "'Factual disputes that are irrelevant or unnecessary' are not material and thus cannot preclude summary judgment." *Sood v. Rampersaud*, No. 12-CV-05486, 2013 WL 1681261, at *1 (S.D.N.Y. Apr. 17, 2013) (quoting *Anderson*, 477 U.S. at 248). "The question at summary judgment is whether a genuine dispute as to a *material* fact exists—not whether the parties have a dispute as to any fact." *Hernandez v. Comm'r of Baseball*, No. 22-343, 2023 WL 5217876, at *5 (2d Cir. Aug. 15, 2023) (citing *McKinney v. City of Middletown*, 49 F.4th 730, 737 (2d Cir. 2022)).

The Court's duty, when determining whether summary judgment is appropriate, is "not to resolve disputed issues of fact but to assess whether there are any factual issues to be tried." *McKinney*, 49 F.4th at 738 (quoting *Wilson v. Nw. Mut. Ins. Co.*, 625 F.3d 54, 60 (2d Cir. 2010)). Indeed, the Court's function is not to determine the truth or weigh the evidence. The task is material issue spotting, not material issue determining. Therefore, "where there is an absence of sufficient proof as to one essential element of a claim, any factual disputes with respect to other elements of the claim are immaterial." *Bellotto v. Cnty. of Orange*, 248 F. App'x 232, 234 (2d Cir. 2007) (quoting *Salahuddin v. Goord*, 467 F.3d 263, 281 (2d Cir. 2006)).

"It is the movant's burden to show that no genuine factual dispute exists." *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). The Court must "resolve all ambiguities and draw all reasonable inferences in the non-movant's favor." *Id.* (citing *Giannullo v. City of N.Y.*, 322 F.3d 139, 140 (2d Cir. 2003)). Once the movant has met its burden, the non-movant "must come forward with specific facts showing that there is a genuine issue for trial." *Liverpool*, 442 F. Supp. 3d at 722

[2] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

(quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). The non-movant cannot defeat a summary judgment motion by relying on "mere speculation or conjecture as to the true nature of the facts." *Id.* (quoting *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9, 12 (2d Cir. 1986)). However, if "there is any evidence from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper." *Sood*, 2013 WL 1681261, at *2 (citing *Sec. Ins. Co. of Hartford v. Old Dominion Freight Line Inc.*, 391 F.3d 77, 83 (2d Cir. 2004)).

Should there be no genuine issue of material fact, the movant must also establish its entitlement to judgment as a matter of law. *See Glover v. Austin*, 289 F. App'x 430, 431 (2d Cir. 2008) ("Summary judgment is appropriate if, but only if, there are no genuine issues of material fact supporting an essential element of the plaintiff's claim for relief."); *Pimentel v. City of New York*, 74 F. App'x 146, 148 (2d Cir. 2003) (holding that because plaintiff "failed to raise any issue of material fact with respect to an essential element of her[] claim, the District Court properly granted summary judgment dismissing that claim"). Simply put, the movant must separately establish that the law favors the judgment sought.

The Court is, of course, mindful that "[*p*]*ro se* litigants are afforded a special solicitude," which includes reading their filings "to raise the strongest arguments they suggest." *Mortimer v. City of New York*, No. 15-CV-07186, 2018 WL 1605982, at *9 (S.D.N.Y. Mar. 29, 2018). "It is through this lens of leniency towards *pro se* litigants that this Court must consider a defendant's motion for summary judgment against a *pro se* plaintiff." *Adams v. George*, No. 18-CV-02630, 2020 WL 5504472, at *5 (S.D.N.Y. Sept. 8, 2020). This status does not, however, excuse a *pro se* litigant from making the showing required to defeat summary judgment; he or she must offer more than "bald assertions, completely unsupported by evidence" to overcome the motion. *Wisdom v.*

*Loiodice*, No. 17-CV-04837, 2020 WL 4431590, at *4 (S.D.N.Y. July 31, 2020); *see also Jorgensen v. Epic/Sony Records*, 351 F.3d 46, 50 (2d Cir. 2003) (explaining that the mere fact that a litigant is *pro se* "does not relieve plaintiff of his duty to meet the requirements necessary to defeat a motion for summary judgment"); *Ross v. Koenigsmann*, No. 14-CV-01321, 2017 WL 9511096, at *1 (N.D.N.Y. Aug. 16, 2017), *adopted sub nom. Ross v. Mannava*, 2017 WL 4338883 (N.D.N.Y. Sept. 29, 2017).

Where, as here, a summary judgment motion is unopposed, "uncontroverted facts in the moving party's statement pursuant to Local Rule 56.1 are deemed admitted." *Johnson v. City of New York*, No. 15-CV-00403, 2016 WL 7335663, at *2 (S.D.N.Y. Dec. 16, 2016) (citing *Giannullo v. City of New York*, 322 F.3d 139, 140 (2d Cir. 2003)); *see also Fate v. Petranker*, No. 19-CV-05519, 2022 WL 2672317, at *1 (S.D.N.Y. July 8, 2022) ("Statements made by Defendant that are supported by admissible evidence and not refuted by Plaintiff are deemed admitted."). "Even when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vermont Teddy Bear*, 373 F.3d at 242. "Before summary judgment may be entered, the district court must ensure that each statement of material fact is supported by record evidence sufficient to satisfy the movant's burden of production even if the statement is unopposed." *Jackson v. Fed. Express*, 766 F.3d 189, 195 (2d Cir. 2014). "And, of course, the court must determine whether the legal theory of the motion is sound." *Id.* A summary judgment motion in a *pro se* case "may be granted unopposed only if (1) the plaintiff has received adequate notice that failure to file any opposition may result in dismissal of the case; and (2) the Court is satisfied that the facts as to which there is no genuine dispute show that the moving party is entitled to judgment as a matter of law." *Lurch*, 2021 WL 3668113, at *3.

## ANALYSIS

I. Administrative Exhaustion

Defendants argue that Plaintiff failed to administratively exhaust his excessive force claim as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"). (Def. Br. at 7-9). For the reasons stated below, the Court agrees.

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This provision "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes," *Hernández v. Coffey*, 582 F.3d 303, 305 (2d Cir. 2009) (quoting *Porter v. Nussle*, 534 U.S. 516, 532 (2002)), and it is "'mandatory': [a]n inmate 'shall' bring 'no action' (or said more conversationally, may not bring any action) absent exhaustion of available administrative remedies," *Ross v. Blake*, 136 S. Ct. 1850, 1856 (2016). "Moreover, the PLRA 'requires proper exhaustion, which means using all steps that the prison grievance system holds out.'" *Ayala-Rosario v. Westchester Cnty.*, No. 19-CV-03052, 2020 WL 3618190, at *4 (S.D.N.Y. July 2, 2020) (quoting *Williams v. Priatno*, 829 F.3d 118, 122 (2d Cir. 2016)). This "means that 'prisoners must complete the administrative review process in accordance with the applicable procedural rules—rules that are defined not by the PLRA, but by the prison grievance process itself.'" *Gottesfeld v. Anderson*, No. 18-CV-10836, 2020 WL 1082590, at *6 (S.D.N.Y. Mar. 6, 2020) (quoting *Johnson v. Killian*, 680 F.3d 234, 238 (2d Cir. 2012)).

Generally, as an inmate in DOCCS custody, Plaintiff was required to follow a three-step process to exhaust the grievance process completely. *See Amador v. Andrews*, 655 F.3d 89, 96-97 (2d Cir. 2011) (outlining DOCCS' three-step grievance process). First, a grievance must be

submitted to the Inmate Grievance Resolution Committee ("IGRC"), a facility-level body consisting of inmates and facility staff members. N.Y. Comp. Codes R. & Regs. tit. 7 §§ 701.4, 701.5(a)-(b). Second, should the inmate be dissatisfied with the conclusion reached by the IGRC, he may appeal that decision to the superintendent of the facility within seven calendar days of receiving the IGRC's determination. *Id.* § 701.5(c)(1). Finally, if the superintendent's conclusions are unfavorable, the inmate may appeal that decision to CORC within seven calendar days of receiving the superintendent's determination. *Id.* § 701.5(d)(1)(i). CORC then has 30 days by which to provide a response to the appeal. *Id.* § 701.5(d)(3)(ii). Administrative exhaustion requirements are therefore satisfied either upon CORC's response to the appeal within the 30-day timeline by which it must respond, or once the 30-day window expires with no response. *See Hayes v. Dahlke*, 976 F.3d 259, 270-71 (2d Cir. 2020). Both the correctional facility's Superintendent and CORC are required to "date stamp all" grievances or appeals forwarded to them for review, N.Y. Comp. Codes R. & Regs. tit. 7 §§ 701.5(c)(3), 701.5(d)(3)(i), and maintain files "for the current calendar year plus the previous four calendar years," *id.* § 701.6(k)(3). Only after completing all three steps may an inmate initiate suit. *Davis v. Grant*, No. 15-CV-05359, 2019 WL 498277, at *7 (S.D.N.Y. Feb. 8, 2019).

Even while granting Plaintiff—who filed nothing in opposition to this motion—every benefit of the doubt to which a *pro se* litigant is entitled, there is no genuine dispute that Plaintiff failed to completely exhaust his administrative remedies. Plaintiff completed the first step of the PLRA process by filing the initial grievance (56.1 Stmt. ¶ 4).

However, even if Plaintiff did appeal the initial grievance to the supervisor of the IGRC, which is not clear,[3] there is no genuine dispute that Plaintiff failed to complete the final step of the PLRA process, namely, appealing his grievance to CORC. Defendants state, in their opening brief, that "[r]egardless of whether Plaintiff completed the second step of the grievance procedure, Plaintiff concedes that he made no attempt to appeal his grievance to CORC." (Def. Br. at 9).

Plaintiff does not allege that he ever took this final step and appealed to CORC and has provided no "appeal" documents—or indeed any documents—in opposition to Defendants' motion for summary judgment. The only evidence in the record before this Court relevant to this step of the exhaustion inquiry is an uncontroverted declaration submitted by Defendants, attaching a CORC "list of Plaintiff's Active and Closed cases," that does not include any entries related to the Incident, and Plaintiff's deposition testimony that confirms he did not appeal the grievance to the final required step. (*See* Leudtke Decl. ¶ 2, Ex. B; *see also* Pl. Dep. Tr. at 250:23-251:12, 284:4-286:12). Accordingly, summary judgment is proper here because there is no genuine dispute of material fact that Plaintiff failed to take all of the necessary steps as required by the PLRA. As such, Defendants are entitled to judgment as a matter of law.

## **CONCLUSION**

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED and Plaintiff's Complaint is dismissed. The Clerk of the Court is respectfully directed to: (i) terminate

[3] Plaintiff's letter to an ambiguously titled "Superintendent" is dated June 11, 2024, a day after Plaintiff received the denial of his initial grievance as untimely by Inmate Grievance Program Supervisor M. Odell. (*See* Def. Br. at 11-14). Plaintiff's deposition testimony indicates that when he was in Elmira he "put in some based on like, why don't I never get a response with my grievance that I put in on this complaint," and stated he "never even get a response from that." (Pl. Dep. Tr. at 251:4-12). Even if the Court were to construe the June 11, 2024 letter as an appeal sent to CORC (which is, admittedly, quite a stretch), Plaintiff's mailing of a letter directly to the CORC also does not satisfy his obligation to exhaust his administrative remedies. *See Ruiz v. Link*, No. 20-CV-00235, 2022 WL 3020254, at *5 (S.D.N.Y. July 29, 2022) (holding that a plaintiff failed to properly follow the grievance procedure when he "tried to mail his appeal directly to the CORC").

the motion sequences pending at Doc. 35 and Doc. 48, (ii) mail a copy of this Opinion and Order to Plaintiff, (iii) enter judgment in favor of Defendants; and (iv) close this case.

**SO ORDERED.**

Dated: White Plains, New York
July 15, 2026

PHILIP M. HALPERN
United States District Judge